UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-02088 JAK (ASx) | Date | October 22, 2019 |
| Title | Witold Kowbel v. University of Southern California, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANT'S MOTION TO DISMISS (DKT. 10)

**I.   Introduction**

On March 27, 2019, Witold Kowbel ("Plaintiff"), who is self-represented, brought this action against the University of Southern California ("USC") and its Vice President for Student Affairs, Ainsley Carry ("Carry") (collectively, "Defendants"). Dkt. 3 at 2. The Complaint advances claims for negligent infliction of emotional distress and intentional infliction of emotional distress. *Id.* at 6, 11. The claims arise out of an academic-discipline proceeding involving Plaintiff's son, Daniel Kowbel ("Daniel"),[1] who was at the time of that proceeding enrolled as a student at USC. *Id.* at 6.

On June 3, 2019, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion"). Dkt. 10. Plaintiff filed an opposition to the Motion on June 26, 2019. Dkt. 21. Defendants filed a reply on July 15, 2019. Dkt. 22.

A hearing on the Motion was held on September 9, 2019. Dkt. 26. At the hearing, the parties were directed to file supplemental briefing, with the Motion to be taken under submission once those filings were made. *Id.* The supplemental briefs were filed, respectively, on September 30, 2019, and October 7, 2019. Dkts. 27, 28.

For the reasons stated in this Order, the Motion is **GRANTED** with prejudice.

**II.   Request for Judicial Notice**

Defendants filed a Request for Judicial Notice (the "RJN") in connection with the Motion, which is unopposed. Dkt. 13. The RJN seeks judicial notice of the following:

- Ex. A. The complaint in *Kowbel v. University of Southern California, et al.*, No. CV17-07896-JAK (AS) (C.D. Cal.) (the "First Action"), which Plaintiff commenced on November 16, 2017;

---

[1] The use of the first name to identify persons with the same surname is a common practice in court proceedings. No disrespect is intended by the use of this common convention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-02088 JAK (ASx) | Date | October 22, 2019 |
|---|---|---|---|
| Title | Witold Kowbel v. University of Southern California, et al. | | |

- Ex. B. The First Amended Complaint ("FAC") filed in the First Action on December 14, 2017;
- Ex. C. The Order of June 20, 2018 dismissing the FAC without prejudice;
- Ex. D. The Second Amended Complaint ("SAC") filed in the First Action on July 10, 2018;
- Ex. E. The Order of November 27, 2018 dismissing the SAC with prejudice; and
- Ex. F. The docket in the First Action.

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, "a court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (citing *Mack v. South Bay Beer Distrib.*, 789 F.2d 1279, 1282 (9th Cir. 1986)). Such matters "includ[e] documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). However, "on a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of an order, it may do so "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee*, 250 F.3d at 690 (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3rd Cir. 1999)).

Exhibits A-F, which are identified above, are properly subject to judicial notice pursuant to the criteria established by Fed. R. Evid. 201(b)(2). Therefore, the RJN is **GRANTED**, subject to the limitations on the scope of the notice.

### III.     Factual Background

The allegations in the Complaint overlap significantly with those in the complaints that Plaintiff filed in the First Action, which was dismissed with prejudice on November 27, 2018. Dkt. 13-1, Ex. E. Plaintiff's motion to reconsider that order was denied on August 5, 2019. No. 17-7896, Dkt. 53. Thereafter, a final judgment was entered in favor of Defendants on October 15, 2019. No. 17-7896, Dkt. 59. Plaintiff sought to appeal both the November 27, 2018 Order and the August 5, 2019 Order. No. 17-7896, Dkt. 55.

The Complaint filed in this action is not a model of clarity. Further, its allegations also appear to assume that a reader is familiar with the allegations made in the First Action. Therefore, to the extent necessary to provide the context for the discussion in this Order, certain matters presented in the pleadings in the First Action are cited. This is appropriate in light of the granting of the RJN as to these documents.

It is alleged that Daniel was a student at USC, including between October 2016 and October 2017. Dkt. 3 at 6. On October 27, 2016, Professor Tenderich ("Tenderich"), who was a professor in a course in which Daniel was then enrolled, allegedly filed a complaint against Daniel with the "SJACS."[2] *Id.* This complaint allegedly stated that "Daniel had misrepresented when [a] paper was written and submitted" as part of that course. Dkt. 13-1, Ex. E at 116. On December 6, 2016, the SJACS allegedly provided Daniel with evidence that had been gathered in support of the allegations in Tenderich's complaint. Dkt.

---

[2] "SJACS" is an acronym for USC's "Student Judicial Affairs and Community Standards" panel, whose purpose is to "oversee[] student discipline." Dkt. 13-1, Ex. E, at 115.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-02088 JAK (ASx) | Date | October 22, 2019 |
|---|---|---|---|
| Title | Witold Kowbel v. University of Southern California, et al. | | |

3 at 6. On the same day, Daniel allegedly forwarded that evidence to Plaintiff, who "determined there is no factual evidence just unsupported accusations barred by USC rules." *Id.* Plaintiff allegedly instructed Daniel to request that the SJACS either provide further evidence or vacate the complaint made by Tenderich. *Id.*

On December 7, 2016, Daniel allegedly made such a request, which the SJACS hearing officer denied. *Id.* That officer allegedly "accused Daniel of being a liar," which caused Daniel to suffer a panic attack. *Id.* On December 10, 2016, Plaintiff allegedly filed a complaint with the provost of USC. It stated that USC's conduct was destabilizing Daniel, who since September 2016 had been receiving treatment from USC medical staff for anxiety and depression. *Id.* On December 15, 2016, Carry allegedly replied to Plaintiff, by acknowledging Daniel's medical condition but denying knowledge of issues with respect to the SJACS proceedings. *Id.*

Other exchanges between or among Plaintiff, Carry and the office of the USC provost allegedly occurred during the winter of 2016-17. *Id.* at 6-7. On April 19, 2017, the SJACS allegedly reached a decision, which was communicated to Daniel.[3] *Id.* at 7. Plaintiff was allegedly informed the next day of that decision, which he believed was "harming Daniel and could cause Daniel['s] death." *Id.*

On May 3, 2017, Daniel allegedly appealed the SJACS decision, and on July 29, 2017, an advisor to Carry allegedly issued a "false and prohibited" decision, which denied the relief sought in the appeal. *Id.* Carry then allegedly refused to change this determination. *Id.* On July 31, 2017, Plaintiff allegedly filed an official complaint with the office of USC's president. It allegedly stated that Carry had failed to execute her duties as Vice President for Student Affairs in connection with the investigation, and that the decision of the appeals panel was "false." *Id.* at 9. That complaint was allegedly referred to counsel for USC. *Id.* Plaintiff allegedly submitted hundreds of pages of evidence to USC in support of the complaint, but USC's personnel allegedly negligently failed to address the issues he raised, thereby causing "a serious injury to Plaintiff's son Daniel which Plaintiff witnessed." *Id.*

Finally, it is alleged that, on October 20, 2017, Plaintiff spoke by telephone with Daniel regarding Plaintiff's communications with counsel for USC. *Id.* at 10. Plaintiff allegedly informed Daniel that USC had not addressed the issues Plaintiff had raised. At that point, it is alleged that Daniel "started to cry, yell and scream" about his treatment by USC, and threatened suicide. *Id.* Plaintiff alleges that this conversation resulted in a "horrifying fright" that caused Plaintiff himself lasting physical pain and anxiety, including obsessive-compulsive disorder and agoraphobia. *Id.* at 10-11.

The remedies sought in the Complaint include injunctive relief and $5,000,000 in compensatory damages. *Id.* at 8.

---

[3] The SJACS concluded that Daniel had violated USC's academic honesty policies, and directed that his grade in Tenderich's class be changed from "C" to "F." Dkt. 13-1, Ex. E at 116. Daniel was also required to write an essay about the importance of ethical conduct. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-02088 JAK (ASx) | Date | October 22, 2019 |
|---|---|---|---|
| Title | Witold Kowbel v. University of Southern California, et al. | | |

### IV.   Analysis

   A.   Legal Standards

      1.   Motion to Dismiss

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." The complaint must state facts sufficient to show that a claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not include detailed factual allegations, but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted).

A defendant may move to dismiss a complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Such a motion may be granted when the complaint lacks a cognizable legal theory or sufficient facts to support one. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In considering a motion to dismiss, the allegations of the challenged complaint are deemed true and must be construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

      2.   Negligent Infliction of Emotional Distress

Claims for negligent infliction of emotional distress may be brought under "direct victim," "exposure," or "bystander" theories. *Klein v. Children's Hosp. Med. Ctr.*, 46 Cal. App. 4th 889, 894 (1996). Plaintiff relies on the bystander theory in this action. *See* Dkt. 3 at 9 ("Defendants' USC and Carry negligence caused a serious injury to Plaintiff's son Daniel which Plaintiff witnessed.").

Under California law, a bystander may recover

> damages for emotional distress caused by observing the negligently inflicted injury of a third person if, but only if, said plaintiff: (1) is closely related to the injury victim; (2) is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress -- a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances.

*Thing v. La Chusa*, 48 Cal. 3d 644, 667-68 (1989).

The injury that is witnessed by the bystander plaintiff must be the result of "negligent conduct which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-02088 JAK (ASx) | Date | October 22, 2019 |
|---|---|---|---|
| Title | Witold Kowbel v. University of Southern California, et al. | | |

caused physical injury to a third person." *Christiansen v. Superior Court*, 54 Cal. 3d 868, 885 (1991). However, the "requirement that the plaintiff be contemporaneously *aware* of the injury-producing event has not been interpreted as requiring visual perception of an impact on the victim. A plaintiff may recover based on an event perceived by other senses so long as the event is contemporaneously understood as causing injury to a close relative." *Bird v. Saenz*, 28 Cal. 4th 910, 916 (2002) (emphasis in original).

These standards have been applied to circumstances in which a parent contemporaneously perceived an injury to a minor child who was nearby in a bedroom when their house exploded. It was determined that, although the parent "could not visually witness the infliction of injuries . . . she was most evidently present at the scene of the accident, was personally impressed by the explosion at the same instant damage was done to her child, and instantly knew of the likely severe damage to the child." *Wilks v. Horn*, 2 Cal. App. 4th 1264, 1271-72 (1992). "On the other hand, someone who hears an accident but does not then know it is causing injury to a relative does not have a viable claim for NIED, even if the missing knowledge is acquired moments later." *Bird*, 28 Cal. 4th at 917 n.3. Similarly, injuries sustained by a patient during surgery cannot give rise to a negligent-infliction claim by a close relative who was not "in the operating room at the time," because the relative had necessarily later "learned an accident had taken place[,] when they heard that news from a physician and saw some of the injurious consequences." *Id.* at 916.

       3.       Intentional Infliction of Emotional Distress

"The elements of the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Light v. Cal. Dep't of Parks & Recreation*, 14 Cal. App. 5th 75, 101 (2017) (internal quotations omitted).

To satisfy the first element, conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993); *see also McMahon v. Craig*, 176 Cal. App. 4th 1502, 1515-16 (2009) ("Generally, conduct will be found actionable where the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous!"). "Whether the defendant's conduct can reasonably be found to be outrageous is question of law that must initially be determined by the court. If reasonable persons may differ, it is for the jury to determine whether the conduct was, in fact, outrageous." 5 Witkin Summary 11th Torts § 525 (citing *Berkley v. Dowds*, 152 Cal. App. 4th 518, 534 (2007)).

"The tort calls for intentional, or at least reckless conduct -- conduct intended to inflict injury or engaged in with the realization that injury will result." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 210 (1982). Thus, the conduct must be "directed primarily at [plaintiffs], [be] calculated to cause them severe emotional distress, or [be] done with knowledge of their presence and of a substantial certainty that they would suffer severe emotional injury." *Christensen*, 54 Cal. 3d at 906. To be liable under a reckless disregard standard, it is not sufficient that a defendant is negligent with respect to the possibility of emotional distress. *See Ochoa v. Superior Court*, 39 Cal. 3d 159, 165 n.5 (1985). Instead, reckless disregard means that it must be true that, at a minimum, the "defendant knew or should have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-02088 JAK (ASx) | Date | October 22, 2019 |
|---|---|---|---|
| Title | Witold Kowbel v. University of Southern California, et al. | | |

known that emotional distress was 'likely' to result" from the defendant's actions. *See* 4 Levy et al., California Torts § 44.01 (California generally follows the Restatement approach, which requires a plaintiff to show a "high degree of probability" that emotional distress will result.).

    B.    Application

        1.    <u>Negligent Infliction of Emotional Distress</u>

Defendants challenge the negligent infliction claim on two grounds: Plaintiff was not contemporaneously aware of any harm that any of them allegedly caused to Daniel, and Daniel suffered no physical injury. Dkt. 10 at 13-14 & n.5. Plaintiff allegedly witnessed Daniel's injury during his telephone conversation with Daniel on October 20, 2017. Dkt. 3 at 10. Thus, the Complaint alleges that "[d]uring the conversation, Daniel asked Plaintiff if USC finally addressed its negligent conduct harming Daniel. Plaintiff truthfully stated, NO. Daniel suffered the most horrifying injury as a direct result of USC negligence. . . . He was in the total, absolute state of Shock. He started to cry, yell and scream." *Id.*

These allegations are insufficient to state a claim for several reasons. There is no allegation that Daniel suffered any physical harm. Although "physical injury is not a prerequisite for recovering damages for serious emotional distress," this principle has been applied to allow recovery only in two limited circumstances. Recovery is permitted for the emotional distress of a bystander who witnesses a physical injury to a third person. *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1079 (1992). Recovery is also permitted for emotional distress of those who have suffered severe, emotional injuries caused by negligent acts directed toward them, not those directed at another person. *Molien v. Kaiser Found. Hosps.*, 27 Cal. 3d 916, 923 (1980) (misdiagnosis of a sexually transmitted disease); *Potter*, 6 Cal. 4th at 988 (toxic exposure). However, there is no authority that supports such a claim where the plaintiff allegedly witnessed a third party suffering emotional harm. *Cf. Christiansen*, 54 Cal. 3d at 885 (a bystander must witness a physical harm in order to recover for his or her own non-physical injuries).

*Wilks* analyzed circumstances in which a plaintiff was aware of an incident by hearing, rather than seeing it. 2 Cal. App. 4th at 1267. However, the parent-plaintiff there heard the results of a negligent act -- the explosion in their home -- which in turn caused serious injury to their child. *Id.* at 1273. Here, by contrast, Defendants' alleged negligence did not occur in the presence of Plaintiff. It also allegedly occurred prior to the telephone call in which Plaintiff spoke to Daniel and heard his son's reaction to the decision by USC personnel. Dkt. 3 at 10. But this is not a recognized form of bystander liability. The allegedly negligent act had been completed before the telephone call. Thus, there was no contemporaneous act of Defendants that Plaintiff witnessed and from which he suffered injury. Instead, Plaintiff elected to communicate information to his son, which allegedly caused the adverse reaction.

Finally, Defendants contend that Plaintiff's alleged reaction to Daniel's distress upon learning that USC had decided not to reverse the disciplinary actions "is irrational and not at all a normal response to the circumstances." Dkt. 10 at 14. Where "[a]s a matter of law, the circumstances of the . . . incidents . . . would not cause a reasonable man to be unable to adequately cope with the mental stress they are alleged of have engendered," resolution at the pleading stage is warranted. *Duval v. Williams*, No. B239657, 2014 WL 907365, at *6 (Cal. Ct. App. Mar. 10, 2014) (granting judgment on the pleadings where plaintiff's claim was based upon a telephone conversation in which his former partner told their son that the plaintiff would ruin Christmas). Because the claim here fails on other grounds, it is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-02088 JAK (ASx) | Date | October 22, 2019 |
| Title | Witold Kowbel v. University of Southern California, et al. | | |

unnecessary to decide this issue.

For the reasons stated, the Motion is **GRANTED** as to the first cause of action.

        2.        Intentional Infliction of Emotional Distress

Plaintiff alleges that Defendants made false statements in the course of issuing the SJACS and appeals panel decisions, and that both were of a manifestly outrageous nature. Dkt. 3 at 11-14; *see also* Dkt. 21 at 20. The statements at issue are:

- The SJACS conclusion that "the properties of the attached paper [submitted by Daniel] would not contain a creation date after the date the email was sent." *Id.* at 11.
- The statement made by an advisor to Carry that "the case file shows the review officer appropriately reviewed the evidence in his assessment." *Id.* at 13.

Plaintiff characterizes these as lies, which Defendants knew would cause him extreme distress. *Id.* at 11-14.

This alleged conduct cannot reasonably be found to satisfy the first element of an IIED claim. *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 80 (1996), is instructive. *Janken*, which arose from an employment setting, held that "[m]anaging personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." Thus, allegations that an employer had accused employees of certain types of misconduct and implemented policies affecting employee practices and compensation were "insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Id.*

Defendants' communications to Daniel, a student enrolled at the university where Defendant's employees worked, are analogous. Thus, Defendants were stating the outcome of the formal disciplinary processes that had been adopted and then applied at USC. The adoption and application of such procedures necessarily involves the communication of the outcome to the students who are involved. The purposes of these policies is to maintain academic integrity. Statements to students about the outcome of an investigation are not ones that go beyond the norms of civilized behavior. *See Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009) (collecting cases satisfying the outrageousness standard, including graphic intimations of physical harm, death threats, and sexual harassment, but excluding "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.").

Moreover, Plaintiff has not alleged that the conduct at issue was directed at him. Rather, the SJACS decision was "sent . . . to Plaintiff's son," and the statement by Carry's advisor was in "an email to Plaintiff's son." Dkt. 3 at 11, 13. That Plaintiff learned of these statements later does not show that Defendants intended to target him. Even where conduct is intentional and outrageous, "[i]t must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware." *Christensen*, 54 Cal. 3d at 903 (1991). The only conduct at issue concerns messages within emails sent to Daniel, not to Plaintiff. This is not sufficient to state a claim under California law.

For the reasons stated, the Motion is **GRANTED** as to the second cause of action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-02088 JAK (ASx) | Date | October 22, 2019 |
|---|---|---|---|
| Title | Witold Kowbel v. University of Southern California, et al. | | |

### C. Whether Leave to Amend Should be Granted

#### 1. Legal Standards

If a motion to dismiss is granted, the court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this policy is to be applied "with extreme liberality," *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 1990), allowing leave to amend is inappropriate in circumstances where litigants have failed to cure previously identified deficiencies, or where an amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

"'Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action.' The doctrine is applicable whenever there is '(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.'" *Owens*, 244 F.3d at 713 (quoting *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). "The private values protected [by the doctrine] include shielding litigants from the burden of re-litigating identical issues with the same party, and vindicating private parties' interest in repose. The public interests served include avoiding inconsistent results and preserving judicial economy." *Clements v. Airport Auth. of Washoe Cty.*, 69 F.3d 321, 330 (9th Cir. 1995).

In determining whether there is an identity of claims, "[w]e consider '(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.'" *Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1026 (9th Cir. 2019) (quoting *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

Courts "are most concerned with the facts or events from which the alleged harms arose," and "have repeatedly found [that element] to be outcome determinative." *Id.* at 1026, 1028. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.* (quoting *Mpoyo*, 430 F.3d at 987).

#### 2. Application

Although the Complaint is the first one that has been filed in this action, it overlaps with those filed in the First Action, in which a final judgment adverse to Plaintiff has been entered. No. 17-7896, Dkt. 59. For example, the FAC in the First Action was construed as advancing a claim for negligent infliction of emotional distress "based on concerns Plaintiff had about Daniel, due to his alleged reaction to the investigation," a claim that has also been advanced in this action. *Compare* No. 17-7896, Dkt. 24 at 8, *with* Dkt. 3 at 6-7. Therefore, Defendants contend that any amendment of the Complaint would be futile, because Plaintiff's claims are barred by the doctrine of res judicata. Dkt. 28 at 3. Thus, they request dismissal with prejudice. *Id.* at 9.

Both this action and the First Action arise from the same series of closely related events. The factual allegations in the Complaint describe all of the following: Tenderich's October 27, 2016 complaint against Daniel; the SJACS disciplinary process in early December 2016; Plaintiff's complaint to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-02088 JAK (ASx) | Date | October 22, 2019 |
| Title | Witold Kowbel v. University of Southern California, et al. | | |

USC provost on December 10, 2016; Carry's email to Plaintiff on December 15, 2016; the April 19, 2017 disciplinary decision issued to Daniel; Daniel's May 3, 2017 appeal of that decision; and the July 29, 2017 decision rejecting the appeal. Dkt. 3 at 5-6. Each one of these events was also alleged in the pleadings filed in the First Action. See No. 17-7896, Dkt. 13 at 9 ("Tenderich has made objectively verifiable FALSE statement in his complaint against Daniel filed with SJACS on October 27th, 2016."); No. 17-7896, No. 1 at 8 ("During the SJACS interview on December 7th, 2016, SJAC Judicial Officer Barton has made Fraudulent Misrepresentations with intent to deceive. . . . [and] Carry . . . acknowledged [Plaintiff's complaint] in the email dated Dec. 15th, 2016, but has utterly failed to take any actions . . . ."); No. 17-7896, Dkt. 13 at 10 ("[O]n April 19th Barton sent to Daniel his SJACS Decision. . . . [T]his statement is a deliberate misrepresentation. It was also made with a specific intent to harm Daniel."); No. 17-7896, Dkt. 1 at 8 ("The Appeal filed by Daniel on May 3rd provided undisputed FACTS that the complaint and the initial decision are patently FALSE and based upon FRAUD."); No. 17-7896, Dkt. 13 at 10 ("[O]n July 29th Daniel Kowbel got an email, from . . . a senior adviser to Defendant Carry, containing USC Appeal Panel recommendation. It contained a patently false statement . . . .").

The two actions arise out the same set of operative facts. The claims advanced in each also overlap -- intentional and negligent infliction of emotional distress in this action, and, *inter alia*, negligent infliction of emotional distress in the First Action. Those claims have common factual and legal bases, and either were or could have been advanced in the First Action. When this element of the test strongly favors preclusion, "we do not consider the other criteria" relating to identity of claims. *Media Rights Techs.*, 922 F.3d at 1029.[4] Thus, the first element is satisfied.

### 3. Final Judgment on the Merits

On October 15, 2019, following a remand from the Ninth Circuit for the purpose of entering a final judgment, one was entered in the First Action in favor of all Defendants and against Plaintiff. No. 17-7896, Dkts. 58, 59. Judgment of the district court "is 'final' for purposes of res judicata." "even during the pendency of an appeal." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006) (quoting first *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1135 n.2 (9th Cir. 2001); then quoting *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985)). Thus, the October 15 judgment satisfies this element.

### 4. Identity or Privity Between Parties

The FAC in the First Action named USC and Carry as defendants. No. 17-7896, Dkt. 13 at 2. Both are also the Defendants in this action. Because both actions were advanced against identical parties, this element is satisfied.

\*   \*   \*

---

[4] At the hearing on the Motion, Plaintiff stated that he had decided not to replead the negligent-infliction claim brought in the FAC because he had had only limited time in which to file the SAC. A failure to amend a claim where leave has been given to do so does not limit the preclusive effect of a subsequent, final dismissal. *See Johnson v. Flores*, No. C 05-1628 SI (PR), 2009 WL 606263, at *7 (N.D. Cal. Mar. 9, 2009); *see also Boys Town, U.S.A., Inc. v. World Church*, 349 F.2d 576, 578 (9th Cir. 1965) ("All matters that could have been raised by any of the parties will be considered as adjudicated.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-02088 JAK (ASx) | Date | October 22, 2019 |
| Title | Witold Kowbel v. University of Southern California, et al. | | |

Because all of the elements of preclusion are present, the claims advanced in the Complaint are barred by res judicata. Dismissal with prejudice is warranted, because any further amendment would be futile. *Archer v. Valley Healthcare Corp.*, 221 F.3d 1347, 1347 (9th Cir. 2000).

**V.     Conclusion**

For the reasons stated in this Order, the Motion is **GRANTED** and this action is dismissed with prejudice. On or before November 5, 2019, after meeting and conferring with Plaintiff to seek to reach an agreement as to the form of a judgment, Defendants shall lodge a proposed judgment consistent with the terms of this Order, and state whether Plaintiff has agreed to its form. If Plaintiff does not agree to its form, he shall file any objections as to the form of the proposed judgment in accordance with Local Rule 54-2.2 no later than November 12, 2019.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer     ak